UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE N.E.C.A./LOCAL 145 I.B.E.W. PENSION PLAN, AS COLLECTION AGENT FOR ALL FRINGE BENEFITS,<br><br>Plaintiff,<br><br>v.<br><br>THADDEUS GUIZAR, Individually and d/b/a, THADDEUS H. ELECTRIC, INC.,<br><br>Defendant. | Case No. 4:23-cv-04115-SLD |

ORDER

Before the Court is a Motion for Default Judgment Compelling Audit, ECF No. 14, filed by Plaintiff Trustees of the N.E.C.A./Local 145 I.B.E.W. Pension Plan, as Collection Agent for all Fringe Benefits. For the following reasons, the motion is GRANTED IN PART.

**BACKGROUND**[1]

On February 4, 2013, Defendant Thaddeus Guizar, an individual and the sole proprietor of Thaddeus H. Electric, Inc., signed a Letter of Assent obligating him to abide by a collective bargaining agreement ("CBA") between the International Brotherhood of Electrical Workers, Local 145 ("the Union") and the Quad Cities Chapter of the National Electrical Contractors Association. Letter of Assent, Mem. L. Supp. Mot. Order Compelling Audit ("Mem. L. Supp. Audit") Ex. C, ECF No. 8-3.[2] Defendant also agreed to abide by any successor CBAs and the

---

[1] Unless otherwise noted, the facts related herein are taken from the Amended Complaint, ECF No. 9, and the Court accepts the allegations relating to liability as true by virtue of Defendant's default, *see Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).

[2] The Court properly considers exhibits attached to prior pleadings and motions to the extent they are central to Plaintiff's claims and not contradicted by the allegations in the Amended Complaint. *See* Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.");

1

Restated Agreement and Declaration of Trust of N.E.C.A. Local No. 145 I.B.E.W. Pension Fund ("Trust Agreement"). *Id.*; Residential Wiring Agreement ("Residential CBA"), Mem. L. Supp. Audit Ex. A, ECF Nos. 8, 8-1; Trust Agreement, Mem. L. Supp. Audit Ex. D, ECF No. 8-4.

Under the Residential CBA, Defendant was required to submit monthly reports and make timely fringe benefit contributions for each hour worked by his employees. Plaintiff acts as the trustees of a fringe benefit pension fund under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–461, which itself is the collection agent for other related ERISA funds within the local electrical work industry (collectively, "the Funds"). Defendant has failed to perform his obligations under the Residential CBA and Trust Agreement by "[f]ailing to cooperate with an audit by the Funds for calendar year 2019" and "[f]ailing to report contributions owed to the Funds in calendar year 2019." Am. Compl. ¶ 9(A)–(B).

On July 13, 2023, Plaintiff filed suit under §§ 1132 and 1145 of ERISA, *see* Compl., ECF No. 1, but submitted the wrong CBA so Plaintiff filed an Amended Complaint on April 26, 2024. Plaintiff asks the Court to order that an accounting be taken of the hours worked and wages received by Defendant's employees to determine the amount of contributions required to be paid to Plaintiff and to order Defendant to submit to an audit and pay any delinquent pension fund contributions, interest, liquidated damages, and attorney's fees pursuant to 29 U.S.C. § 1132(g). Am. Compl. 5. Defendant was served with the Amended Complaint via certified mail on September 5, 2024. *See* Proof Serv., ECF No. 12; *see also* Nov. 19, 2024 Text Order ("Service

---

*Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007) ("Where an exhibit and the complaint conflict, the exhibit typically controls."); *cf. Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (holding that a court may consider documents attached to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to his claim"). Plaintiff's counsel is admonished that this practice of providing necessary exhibits in a piecemeal fashion attached to various motions and pleadings violates Civil Local Rule 7.1(C) which requires that documentary evidence offered in support of a motion must be filed *with that motion*. *See* July 25, 2019 Order 3–4, *Trs. of the N.E.C.A./Local 145 I.B.E.W. Pension Plan v. Guizar*, No. 4:17-cv-04025-SLD-JEH (C.D. Ill. July 25, 2019), ECF No. 13.

by mail is a proper way to serve an amended complaint such as this that does not assert a new claim for relief."); Fed. R. Civ. P. 5(a)(1)(B), 5(a)(2), 5(b)(2)(C). Defendant failed to file an answer or otherwise respond by the deadline of September 19, 2024. *See* Fed. R. Civ. P. 15(a)(3); Dec. 20, 2024 Text Order. On Plaintiff's motion, the Clerk entered Defendant's default. Mot. Default, ECF No. 13; Dec. 20, 2024 Entry Default. Plaintiff now moves for default judgment compelling an audit pursuant to Federal Rule of Civil Procedure 55.

## DISCUSSION

### I. Legal Standard

Rule 55 outlines the two-step process of entry of default and default judgment. First, the plaintiff must file a motion for entry of default based on the defendant's failure to plead. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). And second, after default has been entered, the plaintiff may move for default judgment pursuant to Rule 55(b). Upon default, well-pleaded allegations of the complaint relating to liability are taken as true, but those relating to damages generally are not. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Even after default has been entered, "the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

### II. Analysis

The documents provided by Plaintiff in support of its motion show that Defendant must comply with an audit. The Residential CBA provides that "[i]f an Employer fails to make the required contributions to the Fund, the Trustees shall have the right to take whatever steps are necessary to secure compliance." Residential CBA § 4.04(c). Under the Trust Agreement,

Defendant is required to "promptly furnish to the Trustees in writing information concerning the classification of his Employees, their names, social security numbers, the amount of wages paid and hours worked, and such other data as the Trustees might require in connection with the administration of the Trust." Trust Agreement Art. VI, § 3. Defendant is further obligated to comply with Plaintiff's "reasonable steps necessary to audit the Employers and collect Employer delinquencies." *Id.* Art. VI § 5. Additionally, "[t]he Trustees . . . have the power to demand, collect, and receive Employer Contributions and may take such steps, including the institution and prosecution of or intervention in any proceedings at law, in equity or in bankruptcy, as may be necessary or desirable to effectuate the collection of such Employer Contributions." *Id.* Art. VI § 1.

Where the trust documents governing a benefit plan grant authority to the trustees to conduct audits, such audits are consistent with ERISA. *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 581 (1985). Here, it is clear the Residential CBA and the Trust Agreement require Defendant to comply with necessary audits implemented by Plaintiff. The Court therefore GRANTS Plaintiff's motion for default judgment with respect to Defendant's liability for ERISA violations and Plaintiff's request for an audit. *See Cent. Laborers' Pension Fund v. D.C. Excavation Servs., LLC*, No. 18-3124, 2019 WL 13474465, at *2 (C.D. Ill. Jan. 10, 2019) (granting the plaintiffs' motion for default judgment as to liability and the request for an audit only). Judgment will not be entered until after the audit has been completed and the total amount of damages has been calculated and submitted to the Court.[3] *Cf.*

---

[3] If the audit reveals that Defendant owes delinquent contributions, Plaintiff may file a claim for reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g). Any claim for reasonable attorney's fees must address the Seventh Circuit's criteria for such award and provide supporting documentation to establish the reasonableness of the requested hourly fee, hours expended, and the nature of the work performed. *See Stark v. PPM Am., Inc.*, 354 F.3d 666, 673 (7th Cir. 2004); *Wis. Sheet Metal Workers Health & Benefit Fund v. CJ Contracting, LLC*, No. 13-C-991, 2013 WL 5936344, at *3 (E.D. Wis. Nov. 5, 2013).

*In re Catt*, 368 F.3d at 793 (holding that a court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty" before entering judgment (quotation marks omitted)); *see also e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) ("[J]udgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." (quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, the Motion for Default Judgment Compelling Audit, ECF No. 14, filed by Plaintiff Trustees of the N.E.C.A./Local 145 I.B.E.W. Pension Plan, as Collection Agent for all Fringe Benefits, is GRANTED IN PART. The Court finds that Defendant Thaddeus Guizar, Individually and d/b/a, Thaddeus H. Electric, Inc. is liable for violating ERISA and therefore ORDERS Defendant to submit to an audit.

By June 8, 2025, Defendant must submit to an audit by Plaintiff and provide every company record that is necessary to determine the amount of contributions owed by Defendant from January 1, 2019 to December 31, 2019.

By July 8, 2025, Plaintiff may file a renewed motion for default judgment with the results of the audit regarding the amounts of any unpaid contributions, interest, and liquidated damages, together with any claim for reasonable attorney's fees, and all supporting documentation.

Entered this 8th day of May, 2025.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
